UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

H.J.,

                    Petitioner,

        v.

JUAN HERNANDEZ, *et al.*,

                    Respondents.

CASE NO. 2:26-cv-02384-GJL

ORDER ON PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER

Petitioner H.J.[1] has filed a Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which she seeks release from confinement.[2] Dkt. 1. Accompanying the habeas Petition is a Motion for Temporary Restraining Order ("TRO"). Dkt. 2. Petitioner moves for a TRO directing Respondents to: (1) immediately release her; (2) return her to her prior release under an Order of Supervision; (3) order Respondents to reopen her removal proceedings so she may

---

[1] Petitioner seeks to proceed anonymously. *See* Dkt. 1 at 3–4. In support, Petitioner asserts she is a citizen of "Country A," a third world country towards which the President of the United States has publicly expressed some degree of acrimony. *Id*. at 3. Petitioner requests to proceed under a pseudonym in order to prevent harassment, ridicule, and embarrassment from Respondents. *Id*. at 4. For purposes of this TRO Motion, the Court **GRANTS** Petitioner's request to proceed anonymously, but may revisit this issue at a later date.

[2] The parties have consented to proceed before a Magistrate Judge. *See* Dkt. 4.

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 1

make claims of protection against serious harm and pursue other claims of legal relief; and (4) enjoin deportation to any country pending further order of this Court. *Id*. Further, Petitioner asserts she is in imminent danger of deportation to a third country without an opportunity to contest such a removal. *Id*. at 2.

According to the habeas Petition, Petitioner has been detained at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington, since July 6, 2026. Dkt. 1 at 3, 6. Petitioner, a citizen and national of "Country A," applied for and was granted withholding of removal in an Immigration Court in Portland, Oregon, on December 17, 2024. *Id*. at 6. At that time, she received work authorization and was required to check in with immigration authorities annually. *Id*. To date, she has complied fully with her terms of release and maintains no criminal record. *Id*.

On July 6, 2026, Petitioner reported to the ICE Office in Portland for a scheduled check-in. *Id*. The check-in was completed in the office without incident, but when Petitioner exited the building she was immediately detained by a separate set of ICE agents. *Id*. Those agents informed her that despite her grant of withholding of removal from Country A, they had obtained legal authority to remove her to "Country B," of which she is not a citizen. *Id*. Further, Petitioner has not had the opportunity to apply for asylum or withholding of removal from Country B. *Id*.

Petitioner filed a habeas Petition on July 8, 2026, alleging Respondents violated her right to due process under the Fifth Amendment to the U.S. Constitution when they arrested her with no notice or meaningful opportunity to be heard by a neutral decisionmaker prior to re-detention. Dkt. 1 at 7–8. As relief, Petitioner seeks immediate release from custody and other related relief. *Id*. at 8.

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 2

On July 8, 2026, the Court entered a Scheduling Order directing Respondents to file a return to the Petition by July 22, 2026. Dkt. 3. Petitioner was directed to file any traverse by July 27, 2026. *Id*. The Scheduling Order also directed the following:

> 3. Respondents shall provide the Petitioner(s) and Petitioner(s)' counsel in this habeas action at least 48 hours' notice (or 72 hours' notice if the period extends into a weekend, holiday, or date the Court is closed) prior to any action to move or transfer any Petitioner(s) from the Western District of Washington or to remove them from the United States. Respondents shall also (1) file the notice of intent to transfer or remove on the Court's docket; and (2) file a notice on the docket if the transfer or removal is completed.

*Id*. at 2.

The Court may grant a TRO to preserve the Court's jurisdiction and to maintain the status quo. *See A.A.R.P. v. Trump*, 605 U.S. 91, 97 (2025) (federal courts have "the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve [ ] jurisdiction over the matter.").

Accordingly, the Court **ORDERS** as follows:

1.      Petitioner's Motion for a Temporary Restraining Order (Dkt. 2) is **PROVISIONALLY GRANTED** pending Respondents' response to the Motion (Dkt. 2). This grant is solely for the purpose of maintaining the status quo so that the Court shall review the jurisdictional issue and merits of the Motion, if necessary, after full briefing.

2.      Respondents **ARE PROHIBITED** from removing Petitioner from the United States or transferring her to any other detention facility during the pendency of these proceedings, without further order from this Court, unless such transfer is necessary for medical evaluation, medical treatment, or release.

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 3

3.    Petitioner's counsel **SHALL** immediately contact Respondents' counsel to provide a copy of this Order, if not already provided, and **MEET AND CONFER** on (1) a briefing schedule for the Motion for a TRO (Dkt. 2) and (2) whether the government will agree to a stipulated order to not remove Petitioner from the United States and to not transfer Petitioner to another facility during the pendency of this action.

4.    If the Parties can agree on a briefing schedule, they **SHALL** file a stipulated proposed briefing schedule with the Court, along with any other stipulations the Parties may agree on for the pendency of this case. If the Parties cannot reach agreement on a briefing schedule, then Respondents **SHALL** respond to the Motion for a TRO (Dkt. 2) on the schedule set by Local Civil Rule 65 once service is accomplished.

5.    The Parties **SHALL** contact the courtroom deputy by email if they wish to schedule oral argument on the Motion for a TRO (Dkt. 2). The Court reserves its discretion to deny oral argument pursuant to Local Civil Rule 7(b)(4).

Dated this 8th day of July, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER ON PETITIONER'S MOTION FOR A
TEMPORARY RESTRAINING ORDER - 4